IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE THOMPSON and DONNA JEREZ,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GENENTECH, INC.,<br><br>　　　　Defendant.<br>_____/ | No. C04-03272 MJJ  MEJ<br><br>**ORDER RE: DISCOVERY DISPUTE** |

## I. BACKGROUND

This case involves claims by plaintiffs Arlene Thompson and Donna Jerez ("Plaintiffs") that defendant Genentech, Inc. ("Defendant") wrongfully terminated them based on age and sex discrimination in violation of 42 U.S.C. § 2000e (Title VII) and the ADEA, 29 U.S.C. §§ 621, *et seq*. On May 25, 2005, the parties filed a Joint Discovery Letter in which Plaintiffs sought to compel discovery of comparative and statistical data. The parties' letter detailed seven discovery disputes comprised of four interrogatories and three requests for production.

On June 13, 2005, the Court ordered the parties to appear for a meet and confer session in chambers to discuss how best to narrow the scope of Plaintiff's discovery requests. On July 7, 2005, the parties met and conferred and fully resolved the disputes over the requests for production. While they reached a partial agreement on the interrogatories, they reached an impasse on the scope of the information requested and filed a updated joint letter.

## II. DISCUSSION

The parties' July 7 joint letter details two issues which remain subject to dispute: (1) Plaintiffs' request for comparative and statistical information regarding all managers at Defendant's South San

1  Francisco ("SSF") campus; and (2) Plaintiffs' request for comparative and statistical information regarding
2  facilities managers at all Defendant's campuses.  Defendant asks that the Court limit the scope of discovery
3  on the first issue to managers located in the Corporate Information Technology department within the SSF
4  campus.  As to the second issue, Defendant asks that the Court also limit the scope of discovery to facilities
5  managers located at the SSF campus.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Thus, the scope of discovery under the Federal Rules is extremely broad.  *Soto v. Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in this case."  *Oppenhiemer Fund, Inc. v. Sanders*, 437 U.S. 340, 3511 (1978).  Discovery is not limited to only those issues raised in the pleadings.  *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing *Oppenheimer*, 437 U.S. at 351.)  "Rather, the question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information has no conceivable bearing on this case."  *Soto*, 162 F.R.D. at 610.

**A.    Plaintiff's Request for Comparative and Statistical Information Regarding All Managers at the SSF Campus**

Defendant objects to Plaintiffs' request to obtain information for all managers at the SSF campus as irrelevant, overly broad, and burdensome.  First, Defendant argues, to be relevant, statistical evidence should involve the same part of the company where Plaintiffs worked, and should only include managers that are similarly situated in that they shared the same supervisor, and were employed at the same level. Defendant argues that since Plaintiffs were terminated in connection with a limited reorganization of the CIT department, sweeping discovery of terminations in other departments is irrelevant and overly broad to the inquiry of whether the decision-makers harbored discriminatory animus.  Second, Defendant contends that Plaintiffs' request is improper because campus-wide statistics have little, if any, bearing on the intent of the employer when discussing a particular individual.  Defendant also argues that Plaintiffs' discovery requests would impose an undue burden because the requested information is not maintained in one physical or virtual

location and it would have to manually review thousands of computer or paper files.

Upon review of the parties' arguments, the Court finds that discovery regarding all managers at the SSF campus at the S3 and S4 levels is appropriate for comparative and statistical information. Courts have repeatedly held that statistics have a place in cases such as this. *See, e.g., Int. Broth. of Teamsters v. United States*, 431 U.S. 324, 340 (1977); *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 663 (9th Cir. 2002); *Diaz v. Amer. Telephone & Telegraph*, 752 F.2d 1356, 1362 (9th Cir. 1985) ("Statistical evidence is unquestionably relevant in a Title VII disparate treatment case."). However, statistical evidence that is small in number is usually disregard. *Aragon*, 292 F.3d at 663. Thus, Plaintiffs must be given the opportunity to present a sufficient statistical analysis and any burden on Defendant does not outweigh the benefit to Plaintiffs..

**B. Plaintiffs' Request for Facilities Managers Information at all Defendant's Locations**

The second issue is whether Defendant should provide information for facilities managers at all its campuses. Defendant asks the Court to limit discovery to facilities managers at the SSF campus. However, for the same reasons as stated above, the Court finds discovery appropriate as limited by Plaintiffs in the July 7 joint letter.

### III. CONCLUSION

Based on the foregoing analysis, the Court hereby ORDERS as follows:

1. Within 30 days from the date of this Order, Defendant shall provide information for all SSF campus managers at the S3 and S4 levels, from January 1, 2000 to September 1, 2004.

2. Within 30 days from the date of this Order, Defendant shall provide information for all campuses' facilities managers at the S3 and S4 levels, from January 1, 2000 to September 1, 2004.

**IT IS SO ORDERED.**

Dated: August 1, 2005

MARIA-ELENA JAMES
United States Magistrate Judge

3