IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE THOMPSON and DONNA JEREZ, | No. C 04-3272 MJJ (MEJ) |
| Plaintiffs, | |
| vs. | **ORDER DENYING PLAINTIFFS' MOTION FOR ISSUES SANCTIONS FOR VIOLATION OF COURT ORDER** |
| GENENTECH, INC., | |
| Defendant. / | |

## I.   INTRODUCTION

Before the Court is plaintiffs Arlene Thompson and Donna Jerez's ("Plaintiffs") Motion for Issues Sanctions for Violation of Court Order, filed on September 20, 2005. After careful consideration of the parties' papers, oral arguments at the November 10, 2005 hearing, the applicable statutory and case law authorities, and good cause appearing, the Court hereby DENIES Plaintiffs' motion for the reasons set forth below.

## II.   BACKGROUND

On July 7, 2005, the parties filed a joint discovery dispute letter detailing two issues which remained subject to dispute after an in-person meet and confer session: (1) Plaintiffs' request for comparative and statistical information regarding all managers at Defendant's South San Francisco ("SSF") campus; and (2) Plaintiffs' request for comparative and statistical information regarding facilities managers at

1  all defendant Genentech, Inc.'s ("Defendant") campuses.  Defendant asked that the Court limit the scope of
2  discovery on the first issue to managers located in the Corporate Information Technology department within
3  the SSF campus.  As to the second issue, Defendant asked that the Court also limit the scope of discovery
4  to facilities managers located at the SSF campus.

5  On August 1, 2005, the Court found that discovery regarding all managers at the SSF campus at
6  the S3 and S4 levels, as well as discovery regarding all facilities managers, was appropriate for
7  comparative and statistical information, and ordered Defendant to respond within thirty days from the date
8  of the Order.

9  On August 15, 2005, Defendant filed an Objection to the August 1 Order.  Pursuant to Civil Local
10 Rule 72-2, the objection was deemed denied by passage of time on August 30, 2005.  Defendant,
11 however, did not produce the information required.  Instead, on September 13, 2005, Defendant filed
12 motions for partial summary judgment.

13 On September 20, 2005, Plaintiffs filed a Motion for Issues Sanctions for Violation of Court
14 Order, as well as the Declaration of Richard M. Rogers in support thereof.  In their motion, Plaintiffs argue
15 that they have been greatly prejudiced with respect to their ability to oppose the summary judgment motions
16 by Defendant's refusal to comply with the August 1 Order

17 On October 15, 2005, the Honorable Martin J. Jenkins issued an order striking Defendant's
18 motions for partial summary judgment, allowing Plaintiffs additional time for discovery and to permit the
19 Court to make an informed ruling based on a complete evidentiary record.

20 On October 20, 2005, Defendant filed an Opposition to Plaintiffs' motion, as well as the
21 Declaration of Mary F. Riley in support thereof.

22 On October 25, 2005, Plaintiffs filed a Reply to Defendant's opposition, as well as the Declaration
23 of Richard M. Rogers in support thereof.

24 On November 10, 2005, the Court held a hearing on the matter.  Richard M. Rogers appeared on
25 behalf of Plaintiffs and Mary F. Riley appeared on behalf of Defendant.

### III.   DISCUSSION

2

In their motion for sanctions, Plaintiffs argue that Defendant has willfully disobeyed the Court's August 1 Order and issues sanctions are appropriate. Specifically, Plaintiffs state that they have been greatly prejudiced by Defendant's refusal because they have been unable to retain an expert to analyze the data, and expert disclosure is set for October 18, 2005[1], with trial set for November 28, 2005. Plaintiffs propose the following issues sanctions under Federal Rule of Civil Procedure ("FRCP") 37(b)(2):

(a) Plaintiffs' claims for age and gender discrimination are ordered established for the purposes of the action in accordance with Plaintiffs' claims;

(b) Plaintiffs' Equal Pay Act claims are ordered established for the purposes of the action in accordance with Plaintiffs' claims;

(c) The comparative figures for Plaintiffs' EPA claims will be based on the highest paid S-4 position for Ms. Thompson and the highest paid S-3 position for Ms. Jerez. Defendant shall produce this information within ten days. If Defendant fails to produce the information within ten days, the salary differential shall be set at $75,000. Benefits and stock options shall be established by which ever employee of Defendant Plaintiffs elect to call at trial.

In response, Defendant argues that the present motion is a litigation ploy designed to gain leverage. Defendant states that its counsel advised Plaintiffs' counsel on September 19, 2005 that the data was being finalized and would be turned over by the afternoon of September 20, 2005, and contends that Plaintiffs' response was to file this motion the next morning to ensure that it was on file before the data had been delivered. Defendant further argues that the data was extremely difficult to gather due to its sheer volume and other factors, and it was left to scramble to comply with the Court's Order knowing that immediate compliance would not be possible. Finally, Defendant states that it had no choice but to file its motions for summary judgment on September 13, 2005 because of the case scheduling order in this matter; however, cognizant of the fact that it had not yet been able to produce the salary data Plaintiffs requested, it did not move on either Plaintiff's Equal Pay Act claim.

**A.     Legal Standard**

---

[1] The Court notes that this date has passed and the parties are currently scheduled to appear before Judge Jenkins to amend the case management scheduling order in this case.

Under FRCP 37(b)(2), where a party fails to obey a discovery order, the Court may enter an order "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(B). Such orders are appropriate where a party has failed to provide meaningful discovery responses on key issues despite a court order to do so. *United States v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.2d 1365, 1369 (9th Cir. 1980) (upholding order precluding party from introducing evidence of damages where party failed to provide discovery responses for eighteen months); *C&W Construction Co. v. Brotherhood of Carpenters and Joiners of America, Local 745, ALF-CIO*, 108 F.R.D. 389 (N.D. Cal. 1985) (imposing sanctions precluding party from introducing evidence at trial regarding subjects covered by interrogatories where party, inter alia, made Fifth Amendment assertions, delayed in responding to interrogatories and never fully responded to them, and appointed a "person most knowledgeable" for deposition who had no knowledge of the facts); *Papagni v. Hammersmith Trust*, 1999 WL 33292939 (N.D. Cal. 1999) (imposing sanctions taking allegations in complaint as established and precluding contrary evidence where party delayed in responding to discovery and made Fifth Amendment assertions).

An order sanctioning a party for failure to obey a discovery order must satisfy two requirements: (1) the order must be "just" and (2) "the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). "Sanction orders taking the plaintiff's allegations as established and awarding judgment on that basis are 'the most severe penalty,' and are authorized only in 'extreme circumstances'" *Commodity Futures Trading Com'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 770-71 (9th Cir. 1995) (quoting *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 n.5 (9th Cir. 1988)).

**B.     Application to the Case at Bar**

Plaintiffs claim that judgment should enter on all of their claims because Defendant failed to comply with the Court's August 1 discovery order. In support of seeking such extraordinary sanctions, Plaintiffs filed a motion with four paragraphs of argument and one citation. In the only case cited by Plaintiffs in their motion, *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982), the

4

Supreme Court affirmed a sanction establishing personal jurisdiction over the defendant where, despite repeated orders, the defendant failed for over a year to respond to discovery related to the jurisdiction issue, even after giving the Court multiple assurances that compliance would be forthcoming. *Id.* at 707-08.

Here, Defendant acknowledges that it was unable to comply with the Court's order on time, but argues that its failure was not the result of willfulness, bad faith, or an intent to be obstructionist. Rather, Defendant states that its failure to timely comply with this order was due to the voluminous nature of the requested information and the fact that the information is not located in a single database. The Court finds that Defendant's behavior does not rise to the level of the defendant in *Ins. Corp. of Ireland*. While it is sanctionable behavior to ignore a court-imposed deadline, Defendant did produce the required information, albeit twenty days late. It is unfortunate that Defendant did not seek an extension of the deadline from the Court; however, given the amount of discovery, this behavior does not rise to the level of Plaintiffs' request that judgment enter on all of their claims.

Further, given the serious nature of such sanctions, the Court finds it troubling that Plaintiffs' request for case-determinative sanctions is supported by a mere four paragraphs of briefing, with reference to one case. Given that Defendant's counsel advised Plaintiffs' counsel on September 19, 2005 that the data was being finalized and would be turned over by the afternoon of September 20, 2005, it seems that Plaintiffs' counsel may have acted hastily in filing the present motion.

Finally, Plaintiffs argue that they have been greatly prejudiced by the delay in that they have been unable to retain an expert to analyze the date. However, any prejudice to Plaintiffs has been greatly diminished by the probable continuance of the pretrial and trial dates by Judge Jenkins. At the time of the November 10, 2005 hearing on this matter, Judge Jenkins had vacated the November 15, 2005 Pretrial Conference and scheduled a telephonic status conference to discuss amendments to the scheduling order. Also, any prejudice with respect to Plaintiffs' ability to oppose the motions for summary judgment was eliminated on October 17, 2005, when Judge Jenkins issued an order striking said motions. Further, the Court has ordered Defendant to supplement its discovery responses by November 18, 2005. Based on this analysis, the Court finds no extreme circumstances in this matter. Accordingly, sanctions taking Plaintiffs' allegations as established are unjust.

5

### IV.  CONCLUSION

Based on the foregoing analysis, the Court hereby DENIES Plaintiffs' Motion for Issues Sanctions. However, should Defendant fail to comply with its November 18, 2005 discovery obligations, the Court may impose sanctions at that time.

**IT IS SO ORDERED.**

Dated: November 14, 2005

MARIA-ELENA JAMES
United States Magistrate Judge