IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMPSON ET AL, | No. C04-03272 MJJ |
|     Plaintiff, | **ORDER RE JOINT STATEMENTS OF UNDISPUTED FACTS** |
| v. | |
| GENENTECH INC, | |
|     Defendant. | |

Pending before the Court are Defendant Genentech, Inc.'s Motions for Summary Judgment re Plaintiffs Arlene Thompson and Donna Jerez's Claims. Pursuant to this Court's Standing Order ¶3, the parties are required to submit a joint statement of undisputed facts ten court days prior to the date of the hearing on the summary judgment motions. On May 9, 2006, Genentech filed Separate Statements of Undisputed Facts in support of its Motions (Docs. #162, #163). Additionally, defense counsel, Patricia Gillette, filed a Supplemental Declaration indicating that the parties were unable to produce a joint statement, as required by the Local Rules and this Court's Standing Order. Thereafter, each of the Plaintiffs submitted a Statement of Undisputed Facts in Opposition to Genentech's Motions (Docs. #169, #170.) As part of their Statements, Plaintiffs included sections entitled "Defendant's Proposals," wherein Plaintiffs set forth "modifications and replacements Plaintiffs proposed to a Statement of Undisputed Facts prepared by Defendants, prior to 4:00 p.m. on May 9, 2006." On May 24, 2006, Plaintiff then filed an Application to File Responses to Defendant's Separate Statements of Undisputed Facts (Doc. #172).

As indicated above, this Court's Standing Order requires the parties to file a joint statement of undisputed facts ten days prior to the hearing date on a motion for summary judgment. Additionally, Local Rule 56-2(b) provides:

> (b) Procedure if Joint Statement Ordered. If the assigned Judge orders the submission of a joint statement of undisputed facts, the parties shall confer and submit, on or before a date set by the assigned Judge, a joint statement of undisputed facts. If the nonmoving party refuses to join in the statement, the moving party will nevertheless be permitted to file the motion, accompanied by a separate declaration of counsel explaining why a joint statement was not filed. Whether or not sanctions should be imposed for failure to file a joint statement of undisputed facts is a matter within the discretion of the assigned Judge.

Rather than comply with either of these provisions, the parties, without authorization, have filed separate statements of undisputed facts. Moreover, Plaintiffs contest certain portions of Genentech's Separate Statements of Undisputed Facts, thereby undermining the entire purpose of submitting statements of undisputed facts to assist the Court in evaluating Genentech's pending Motions.

Consequently, the Court hereby orders the parties to file a **joint statement of undisputed facts** for each of the pending Motions, by 5:00 p.m, on June 5, 2006. Failure to comply with this Order shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated: 5/30/2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE